UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD SULLIVAN, JR.,

    Petitioner,                             Civil No. 05-CV-40223-FL
                                         HONORABLE PAUL V. GADOLA
v.                                         UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

    Respondent,
_____/

### ORDER TRANSFERRING CASE TO THE COURT OF APPEALS
### PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Donald Sullivan, Jr., ("petitioner"), a state prisoner presently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has previously filed a petition for a writ of habeas corpus challenging his 1997 convictions out of the Detroit Recorder's Court for second-degree murder and possession of a firearm in the commission of a felony [felony-firearm]. This prior petition was denied on the merits. *Sullivan v. Pitcher,* U.S.D.C. 00-CV-60404-AA (E.D. Mich. September 10, 2001)(Battani, J.); *aff'd* 82 Fed. Appx. 162 (6th Cir. 2003); *cert. den.* 541 U.S. 991 (2004). [1] For the following reasons, the Court has concluded that it must transfer this case to the United States Court of Appeals for the Sixth

---

[1] Although petitioner does not clearly state the convictions that he is challenging in the current petition, petitioner alleges that he was deprived of counsel at his guilty plea on June 26, 1997 and at his sentencing on July 14, 1997. The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was sentenced on July 14, 1997 to twenty two to fifty years in prison for second-degree murder, and an additional two years for felony-firearm. The information also indicates that these convictions were obtained by a plea of guilty. These are the only convictions for which petitioner is currently serving prison time.

Circuit for petitioner to obtain authorization to file a second or successive petition for writ of habeas corpus.

## I.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996.  Among other things, the AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts.  These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus.  The provisions of the AEDPA apply because petitioner filed his successive habeas application after the effective date of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998).  Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).  This requirement transfers to the court of appeals a screening function which the district court

previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner's current habeas application is a second or successive collateral challenge to his second-degree murder and felony-firearm convictions. Although petitioner is bringing his current challenge to his convictions under 28 U.S.C. § 2241, the AEDPA's limitation governing the filing of a second or successive habeas petition is still applicable to the instant petition. The provisions of 28 U.S.C. § 2244(b) which govern the filing of successive petitions by state prisoners under § 2254 apply equally to habeas petitions filed by a state prisoner under 28 U.S.C. § 2241. *See Long v. Commonwealth of Kentucky,* 80 Fed. Appx. 410, 414 (6th Cir. 2003); *Byrd v. Bagley,* 37 Fed. Appx. 94, 95 (6th Cir. 2002).

In the present case, petitioner has previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if the entire petition had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's prior habeas petition was adjudicated on the merits. Petitioner's current application for habeas relief also appears to raise the identical claims that were raised and adjudicated on the merits in the prior petition. [2] The instant petition therefore qualifies as a "successive petition" for which this Court lacks jurisdiction over in the absence of a certificate of authorization from the Sixth Circuit. *See Norris v. Konteh*, 67 F. Supp. 2d 833, 835 & n. 4 (N.D. Ohio 1999). It is appropriate for this Court to consider the issue of whether petitioner is required to obtain a certificate of authorization to file a successive habeas petition *sua sponte* because subject matter jurisdiction goes to the

---

[2] A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000).

power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).  Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *Corrao v. United States*, 152 F. 3d 188, 190-191 (2nd Cir. 1998); *See also Gonzalez v. United States,* 135 F. Supp. 2d 112, 121 (D. Mass. 2001).

## II.  ORDER

Petitioner has not obtained the  appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d at 47.

                                                            s/Paul V. Gadola
                                                            **PAUL V. GADOLA**
                                                            **UNITED STATES DISTRICT JUDGE**

**Dated: July 25, 2005**

Certificate of Service

I hereby certify that on   July 25, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:        Donald Sullivan, Jr.            .

                                                                s/Ruth A.  Brissaud
                                                                Ruth A. Brissaud, Case Manager
                                                                (810) 341-7845